**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund; and Construction Industry Research and Service Trust Fund; <br><br> Plaintiffs, <br><br> v. <br><br> Fox Excavating, Inc., an Illinois corporation; <br><br> Defendant. | CIVIL ACTION <br><br> NO. |

**COMPLAINT**

Plaintiffs, Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds"); and Construction Industry Research and Service Trust Fund ("CRF") bring this action to collect contributions and dues from Defendant, Fox Excavating, Inc. ("Fox Exc.").

**COUNT I. SUIT FOR DELINQUENT CONTRIBUTIONS**

**Facts Common to All Counts**

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Fox Exc. is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Batavia, Illinois.

3. Fox Excavating Inc. identified Mary Agrella Fitzpatrick as Registered Agent. (Exhibit A).

4. On November 9, 1992, Fox Exc. through Clem H. Martin, Jr. signed a Memorandum of Agreement (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("CBA") known as the Mid America Regional Bargaining Association – Heavy, Highway, and Underground Agreement (excerpts attached as Exhibit C).

5. The CBA and the Agreements and Declarations of Trust incorporated therein require Fox Exc. to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

6. The CBA and Trust Agreements specifically require Fox Exc. to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

  (f)  Furnish to the Funds a bond in an amount acceptable to the Funds.

  7.  The CBA also requires Fox Exc. to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBA places the same obligations on Fox Exc. with respect to CRF as it does the Funds.

  8.  The CBA further requires Fox Exc. to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Fox Exc. does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

  9.  Fox Exc. has become delinquent in the submission of its reports and contributions due the Funds and CRF, and reports and dues to the Union. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

## Jurisdiction and Venue

  10.  This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

  11.  Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

## Allegations of Violations

  12.  ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

13. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

14. Fox Exc. has violated ERISA and breached the CBA and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

15. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Fox Exc., there is a total of $4,491.81 known to be due the Funds from Fox Exc., before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against Fox Exc. for all unpaid contributions as identified in Fox Exc.'s contribution reports;

B. Enjoin Fox Exc. to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin Fox Exc. at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Fox Exc. owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Fox Exc. to pay any contributions reasonably estimated to be due by the Funds for the period when Fox Exc. failed and refused to timely submit contribution reports;

D.       Enter judgment against Fox Exc. and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E.       Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Fox Exc.'s cost.

### COUNT II. SUIT TO COLLECT CRF CONTRIBUTIONS

1-9     CRF re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

11.     This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

12.     Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

13.     Fox Exc. has not submitted all of its contribution reports to CRF. Fox Exc. has failed to make timely payment of all contributions acknowledged to be due according to Fox Exc.'s own contribution reports and the collective bargaining agreement, and Fox Exc. has failed to pay interest and liquidated damages required by the CBA. Accordingly, Fox Exc. is in breach of its obligations to the CRF under the CBA.

14.     That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Fox Exc., there is a total of $92.74 known to be due to CRF from Fox Exc. subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

5

A. Order Fox Exc. to submit all delinquent monthly contribution reports;

B. Enter judgment in favor of CRF and against Fox Exc. for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of Fox Exc.'s failure to submit all contribution reports required by the CBA;

C. Enjoin Fox Exc.to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBA;

D. Award CRF such further relief as may be deemed just and equitable by the Court, all at Fox Exc.'s cost.

Dated: March 5, 2019                                         Respectfully submitted,


                                                             By:  /s/ Dale D. Pierson
                                                                  One of the Attorneys for the Plaintiffs

Attorney for the Funds:

Dale D. Pierson
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6613
Fx: (708) 588-1647
dpierson@local150.org